IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD A. BROWN, Inmate #B36853,  )
                                                             )
       **Plaintiff,**                    )
                                                             )
vs.                                                              )     CIVIL NO. 05-270-MJR
                                                             )
**DR. SANTOS,**                  )
                                                             )
       **Defendants.**          )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

      This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] On the form complaint, Plaintiff checked the box indicating that the action is a civil complaint pursuant to the Federal Tort Claims Act. Review of Plaintiff's complaint indicates that neither the United States of America nor any federal employees or agencies were involved in the case; it appears to be purely a state matter. As such, the Court construes the complaint as one pursuant to 42 U.S.C. § 1983.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## *Factual Allegations*

Plaintiff states that he has a pacemaker, that the battery lasts for only seven years, and that the seven-year mark on his pacemaker was February 8, 2005. On February 24, 2005, Plaintiff states that he experienced dizzy spells and was sent to the Health Care Unit. Plaintiff states that he told Dr. Santos at that time that his pacemaker was inserted seven years ago and that he suspected the battery was dying. Dr. Santos took his vital signs and told him that a pacemaker battery could last up to eight years. Dr. Santos told him he would be called the next week for further testing of the pacemaker. A response to a grievance submitted with the complaint indicates that Plaintiff's pacemaker was checked on December 13, 2004, and no abnormalities were found. On that date Plaintiff was given multiple blood tests, all of which were normal, except for an elevated cholesterol level that was being monitored. The document further shows that on February 23, 2005, Plaintiff's vital signs were normal and he had a normal EKG.

However, on March 2, 2005, before Plaintiff was seen again, he experienced dizziness and had difficulty breathing. He was taken immediately to the Health Care Unit. His vital signs and an EKG revealed that his heart was beating at a very slow rate. He was taken by ambulance to St. Mary's hospital where emergency surgery to repair his pacemaker was performed. Plaintiff also states that after he returned to Centralia Correctional Center, he experienced chest pain and was again taken to St. Mary's hospital where it was discovered that his pacemaker was malfunctioning.

### *Legal Standards*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Although the Court is sympathetic to what must have been a frightening experience, the fact remains that Plaintiff has not stated a claim of deliberate indifference.  In December 2004, Plaintiff's pacemaker was checked and no abnormalities were found and Plaintiff received a number of blood tests.  On February 23, Plaintiff had a normal EKG and at the February 24 appointment Plaintiff's vital signs were normal and he was scheduled to return the next week for further testing.  Before further testing was done, however, Plaintiff again experienced symptoms.  After it was determined that Plaintiff's vital signs and an EKG showed a very slow heart rate, he was immediately taken to

the hospital and had emergency surgery. This is not deliberate indifference.

At most, Dr. Santos's failure to perform the additional tests at the February 24, 2005, appointment constituted negligence. The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability.").

Plaintiff also experienced additional problems with his pacemaker on March 16. Plaintiff states that he was taken again to the hospital where the pacemaker was repaired. Plaintiff has not indicated how Defendant Santos was deliberately indifferent to these medical problems.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 1st day of March, 2006.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**